**Information to identify the case:**

| | | |
|---|---|---|
| Debtor 1 | Patrick J Moran<br>First Name    Middle Name    Last Name | Social Security number or ITIN   xxx–xx–0498<br>EIN   _ _ – _ _ _ _ _ _ _ |
| Debtor 2<br>(Spouse, if filing) | First Name    Middle Name    Last Name | Social Security number or ITIN   _ _ _ _<br>EIN   _ _ – _ _ _ _ _ _ _ |
| United States Bankruptcy Court | District of New Jersey | |
| Case number: | 19–17541–KCF | |

# Order of Discharge                                                                                   12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Patrick J Moran

7/12/19                                                          **By the court:**   Kathryn C. Ferguson
                                                                                  United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 7 Case**

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

**Some debts are not discharged**
Examples of debts that are not discharged are:

- debts that are domestic support obligations;

- debts for most student loans;

- debts for most taxes;

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

> **This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**

United States Bankruptcy Court
District of New Jersey

In re:  
Patrick J Moran  
    Debtor

Case No. 19-17541-KCF  
Chapter 7

## CERTIFICATE OF NOTICE

District/off: 0312-3    User: admin    Page 1 of 1    Date Rcvd: Jul 12, 2019  
                           Form ID: 318    Total Noticed: 8

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 14, 2019.
```
db              Patrick J Moran,    45 Leonard Avenue,    Leonardo, NJ 07737-1515
518181756      +Colleen M. Hirst, Esq.,    216 Haddon Avenue,    Suite 406,    Collingswood, NJ 08108-2812
518181759      +Midfirst Bank,    Midfirst Plaza,    501 NW Grand Blvd,    Oklahoma City, OK 73118-6037
518181760      +Rushmore Loan Services,    P.O. Box 52262,    Irvine, CA 92619-2262
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg             E-mail/Text: usanj.njbankr@usdoj.gov Jul 13 2019 00:24:47     U.S. Attorney,   970 Broad St.,
                 Room 502,   Rodino Federal Bldg.,   Newark, NJ 07102-2534
smg            +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Jul 13 2019 00:24:43     United States Trustee,
                 Office of the United States Trustee,   1085 Raymond Blvd.,   One Newark Center,   Suite 2100,
                 Newark, NJ 07102-5235
518181757       EDI: CITICORP.COM Jul 13 2019 03:43:00     Home Depot / CBND,   PO Box 6497,
                 Sioux Falls, SD 57117-6497
518181758      +E-mail/Text: bncnotices@becket-lee.com Jul 13 2019 00:23:42     Kohls,   PO Box 2983,
                 Milwaukee, WI 53201-2983
                                                                                             TOTAL: 4
```

        ***** BYPASSED RECIPIENTS *****  
NONE.                                                                                                                                                                     TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 14, 2019                                                          Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on July 12, 2019 at the address(es) listed below:
```
              Andrea Dobin     ecftrusteead@msbnj.com, NJ55@ecfcbis.com
              Denise E. Carlon    on behalf of Creditor    MIDFIRST BANK dcarlon@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              John Michael McDonnell    on behalf of Debtor Patrick J Moran jmcdonnell@mchfirm.com
              Rebecca Ann Solarz    on behalf of Creditor    MIDFIRST BANK rsolarz@kmllawgroup.com
              U.S. Trustee     USTPRegion03.NE.ECF@usdoj.gov
                                                                                             TOTAL: 5
```